**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Robert W. Turner, | ) | No. CV-09-2018 PHX-DGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Michael J. Astrue, et al. | ) | |
| Defendants. | ) | |

Plaintiff's counsel has filed a motion to withdraw from representation of Plaintiff in this case. Doc. 18. The motion follows other communications in which counsel indicates that he has been unable to communicate with Plaintiff for some time, despite diligent efforts. Doc. 17.

The motion attaches two certified letters counsel sent to Plaintiff asking him to communicate with counsel. One of the letters included the Court's order of June 23, 2010, requiring counsel to contact Plaintiff and warning that the case would be dismissed for lack of prosecution if Plaintiff could not be located. See Doc. 16. The letter advised Plaintiff that counsel would close his file if Plaintiff did not respond. Doc. 18-1 at 5. Plaintiff signed for each of the letters, but failed to communicate with counsel.

The Ninth Circuit has developed "a five-part 'test' to determine whether a dismissal sanction is just: '(1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of

less drastic sanctions.'" *Valley Engineers, Inc. v. Electric Engineering Co.,* 158 F.3d 1051, 1057 (9th Cir. 1998) (quoting *Malone v. USPS*, 833 F.2d 128, 130 (9th Cir. 1987)); *see also Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

Considering this test, the Court concludes that dismissal is an appropriate sanction. The public's interest in expeditious resolution of litigation and the Court's need to manage its docket require action when a plaintiff refuses to prosecute a case. In addition, Defendant will be subject to prejudice if a sanction of dismissal is not imposed. Defendant is unable to move forward with its defense of this case or even engage in settlement discussions. The Court has considered less drastic sanctions, and has concluded that dismissal without prejudice is the only feasible alternative. When Plaintiff steadfastly refuses to communicate with counsel or prosecute this case, dismissal for lack of prosecution is appropriate.

**IT IS ORDERED:**

1. The motion of Plaintiff's counsel to withdraw (Doc. 18) is **granted.**
2. Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, this case is **dismissed** without prejudice.
3. The Clerk shall **terminate** this action.

DATED this 6th day of August, 2010.

_____
David G. Campbell
United States District Judge